I understand that we have only one counsel here. Is that correct? I'm sorry? We have only one counsel. That's correct. And I understand that you actually spoke with Petitioner's Counsel, who advised she was not coming? I did not speak directly with Petitioner's Counsel. I spoke with someone in her office. In her office. All right. Well, I think the – she's not here, but you are, so we will just proceed with your argument. Brian Byer for the Attorney General. This case originated as a pro se petition for writ of habeas corpus. The petition alleged that the denial of Hardeep Singh's motion to reopen his removal proceeding denied him due process and also was an abuse of discretion. The court should treat this case as if it were a timely filed petition for review. The court has recognized that although the Real ID Act calls for a transfer order, it's not an absolute jurisdictional prerequisite to the court hearing a case when it has not been actually transferred by the district court. The plain purpose of the transfer provision was to ensure that pending habeas corpus cases could continue to be reviewed as – in pursuant to the petition for review mechanism. Let me ask you a question just to get the setting of this case. As I recall, the habeas corpus was completed, and then the Real ID Act was passed. Is that correct? That's correct, Your Honor. And it was subsequent to that that an appeal was taken. That's correct. So the question is, does the Real ID Act cut off what would normally be an appeal from habeas up to us and transfer it and make it into a petition for review? Now, at the very beginning, as this popcorn machine goes off, we're getting all sorts of cases, and we've got to sort them out. They'll be much clearer later on. Have we had a case decided by our circuit, a published decision by our circuit, where the habeas is completed in the district court, and then the Real ID Act occurs, and then the appellate files the notice of appeal? Have we had any cases with that scenario to determine the jurisdiction? I'm not aware of any published decisions, Your Honor. So this is the first time this particular fact situation is here, and we have to decide for the first time, in this circuit at least, whether or not that turns it into a petition for rehearing. That's correct, Your Honor. I will note that I've noticed in kind of updating my research, I saw a couple of unpublished dispositions. Right. And those all transfer, in effect, put it into the court of appeals as a petition. Is that correct?  Those cases were decided prior to January 1st, so I couldn't, of course, cite them to the court, but I have seen that scenario. So your position is we have before us now as a petition, in effect, a petition for rehearing? For review, Your Honor, yes. So you're considering it as a timely petition for review? Yes, Your Honor. All right. And then under the – I assume, then, that under the same theory that we had this gap in the legislation simply about habeas petitions that were pending at the time that you would just analogize to that and say that we just infer that Congress intended us to treat this habeas denial as if it were a pending habeas and transfer it? Is it sort of under the same analogy? Yes, Your Honor. And I suppose that the rationale would be that although the district court had entered an order dismissing the case, the dismissal had not become final. I mean, it was possible to file like a notice of appeal, as in this case the notice of appeal is timely and there's no dispute about that. And then at some point, these cases will work their way through the system and there won't be any more of those. That's correct, Your Honor. All right. Please. If the Court has no further questions on the jurisdiction, I'll just pass to the  The issue now before the Court is whether the Board abused its discretion when it denied the motion to reopen. The Board denied reopening because it concluded that Mr. Singh's motion to reopen did not demonstrate grounds to equitably toll the motion filing deadline. Excuse me. To be timely viewed or to be viewed as timely filed on the date that the motion to reopen was filed in November of 2003, the filing deadline had to have been tolled until mid-August of 2003. So Mr. Singh needed to show in order to establish equitable tolling that it would be appropriate to toll the period from the end of March until mid-August. And the standard that this Court has articulated for equitable tolling is you have to have two requirements. You have to show due diligence and you have to show that despite the due diligence, and for circumstances beyond the Mr. Singh's control, he was unable to discover that he needed to file a motion to reopen. Now, you claim in your brief there was a lack of due diligence. Well, if you have someone who doesn't know anything about what's going on and has had this lawyer who purports to represent him, but he's just his relative to say we think it's a bad lawyer, is that sufficient notice that the lawyer may not be doing his job? Yes, Your Honor. I mean, the simple fact is that Mr. Singh had noticed that he should do something. I mean, his relatives told him this. The record also reflects in other parts of his declaration that he was uneasy about the way the case had proceeded to that point. He knew that the board decision had been issued and he'd been denied his relief, and yet he didn't do anything. I mean, the motion to reopen doesn't show him doing anything. It also doesn't establish that he, although he claims in his motion to reopen that he relied on his counsel, it doesn't establish any specific facts that he relied on them from the period after his relatives told him you need to get another lawyer because your lawyer didn't do a good job for you. Yes, but what do his relatives know? Well, there was no indication that he was going to be able to do anything else. And he was going to be in the courtroom for a long time. And in these terms, they're laypeople. And then his counsel did file a motion after that period of time. Isn't that correct? Well, yes, Your Honor. He contacted counsel in September, I believe, September after the motion deadline had passed. How long was that? I'm sorry? How long ago? How long was that, about five months? Was it May to September? Six months approximately, I thought. Yes. It was from the very end of March to September. But what this is where this Court's decision, I submitted a 28-J letter to the Court this morning regarding the Huseman v. Icicle Seafoods case. And this case is really directly on point. In Huseman, this Court ruled in December that the absolute lack of any effort on the part of a litigant to inquire about available options defeated his equitable tolling claim. In this case, it involved a seaman who had been injured, and he thought he was or he did not make any effort to determine whether he had any remedies for his injury outside the workman's compensation. Over what period of time? Over the period of, I believe it was a year. He did not make any effort during the entire statute of limitations period. There was a difference there in Huseman. He knew that he had a problem. He had had this claimed injury, and he knew he had a problem. It was a question of which jurisdiction he should take his problem to. In this case, the question is when did Singh actually know because of the lawyer he knew he had a problem in terms of the immigration service, but he didn't know that the lawyer wasn't doing what the lawyer is supposed to do in the same way that Mr. Huseman knew, because Mr. Huseman actually knew what his claim was. So I see it a little bit differently, but maybe you could distinguish, you know, you think it's not distinguishable. The critical factor is that the motion to reopen does not establish that Mr. Singh did anything. He made no effort, nothing that could be called diligence. I mean, in Huseman, it says, Huseman did nothing to inquire about the availability or extent of Federal remedies and until just before filing suit after the limitations period had expired, never inquired of anyone about the process and timing for invocation of Federal benefits. Now, I guess the question is that we look at this on abuse of discretion. Is that correct? That's correct. Do we have any other cases in the motion to reopen context that we could use as benchmarks? It's difficult to say, because many of the Court's cases that concern equitable tolling include situations where there's a stronger factual showing of reliance where the movant was truly relying on representations. He was essentially, I think, in one of the cases the Court said, beguiled by counsel. And here, you know, there's just no showing that's comparable to that. Mr. Singh knew that his board decision had been issued and had been denied. He'd been told that he should get another lawyer, and his lawyer didn't do a good job. And what did he do in response? And that's where the Court's focus needs to be. That's where the Board's focus was, and that's where the Court's focus needs to be. It doesn't show that he made any effort to talk to anyone at all about it. It doesn't explain why he wouldn't have done that. He just sat back on his heels and waited until the time suited him. All right. Well, thank you. Unless there are further questions. The case just argued. Singh v. Gonzales is submitted. Thank you for coming. Thank you. We appreciate your argument. This case for argument will be.
judges: Wallace, D.W. Nelson, McKeown